UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANE PATTERSON,

       Plaintiff,[1]                        CASE NO. 05-74439
                                             HON. LAWRENCE P. ZATKOFF

v.

HUDSON AREA SCHOOLS,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 3rd of February, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
                     UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Presently before the Court are eight motions in limine filed by Defendant and three motions in limine filed by Plaintiff. A response to each motion in limine has been filed by the non-moving party (except that Defendant has not responded to Plaintiff's motion at docket entry 131). The Court finds that the facts and legal arguments pertinent to the motions are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted, without this Court entertaining oral arguments. The Court addresses eight of the motions herein and a supplementary opinion to address the remaining three motions shall issue imminently.

---

      [1]As the Court holds in Section III.A., Dane Patterson is the real party in interest in this case. Accordingly, the Court directs the Court Clerk to amend the caption of this case on the docket to reflect that the sole Plaintiff is Dane Patterson.

## II.  BACKGROUND

On November 22, 2005, David and Dena Patterson, as next friends of DP, a minor child, filed suit under Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. §1681 *et seq.*, claiming that Defendant was liable for its alleged deliberate indifference to other students allegedly harassing their child (Plaintiff).  The alleged acts of harassment and the alleged responses (or lack thereof) to such alleged harassment are set forth in detail in an Opinion and Order granting Defendant's motion for summary judgment, which was issued by this Court on November 28, 2007, as well as in an opinion issued by the Sixth Circuit Court of Appeals on January 6, 2009.  *See Patterson v. Hudson Area Schools*, 551 F. 3d 438 (6th Cir. 2009).  As the recitation of such events here would be redundant, the Court hereby incorporates by reference its recitation of the same in the November 28, 2007, Opinion and Order.

## III.  ANALYSIS

**A.    Defendant's Motion to Amend the Caption to Reflect the Actual Parties in Interest**

David and Dena Patterson, husband and wife, filed this lawsuit as next friends of DP, a minor child.  DP is Plaintiff, who was 15 years old at the time the lawsuit was filed.  Plaintiff is now 19 years old and, as such, a legal adult.   Plaintiff has executed a power of attorney in favor of David and Dena Patterson to act on his behalf as to all aspects of this litigation, and it has been proposed to the Defendant that the caption be re-designated "David Patterson and Dena Patterson, as attorneys in fact for Dane Patterson."  Defendant opposes that proposal and instead moves the Court to amend the caption to name Dane Patterson as the plaintiff because he is the only real party in interest in this case.

2

Fed.R.Civ.P. 17 states that: "[a]n action must be prosecuted in the name of the real party in interest." "A real party in interest is 'the person who is entitled to enforce the right asserted under the governing substantive law.'" *Rodriguez v. Mustang Mfg. Co.*, 2008 U.S. Dist. LEXIS 50098 (E.D. Mich. June 27, 2008)(quoting *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994)). The Sixth Circuit has recognized that parents lack standing to bring a Title IX action on their own behalf. *Phillips v. Anderson County Bd. of Educ.*, 259 Fed. Appx. 842, 843 n.1 (6th Cir. 2008) (stating that "plaintiff concede[d] on appeal that the district court correctly dismissed her father ... as a party because she has attained the age of majority ... and because, as a parent, he lacks standing to assert a Title IX claim"). *See also Phillips v. Anderson County Bd. of Educ.*, 2006 WL 3759893, at **5 (E.D.Tenn. Dec 19, 2006) (citing *Lopez v. San Luis Valley, Bd. of Coop. Educ. Serv.*, 977 F.Supp. 1422, 1425 (D. Colo. 1997).

Defendant argues that, as Fed.R.Civ.P. 17 does not specifically provide that a competent adult who is the "real party in interest" may be represented by an attorney in fact, David and Dena Patterson cannot represent Plaintiff as his attorneys in fact. David and Dena Patterson conversely argue that Rule 17 does not specifically bar actions by an attorney in fact when the identity of the real party in interest is fully disclosed. They argue that the purpose of Fed.R.Civ.P. 17 "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure that the judgment will have its proper effect as res judicata[,]" and they agree that Plaintiff would be bound by this case. *Relying on Honey v. George Hyman Construction Co.*, 63 F.R.D. 443, 447 (D.D.C. 1974) (citation omitted); *Marina Management Services, Inc. v. Vessel My Girls*, 202 F.3d 315 (D.C. Cir. 2000). David and Dena Patterson contend that their proposed amendment to the caption fully reflects Plaintiff as the real party in interest, with the case being prosecuted by his

3

officially designated representatives.

As this case was filed when Plaintiff was 15, David and Dena Patterson properly filed the action as his next friends. Plaintiff is now 19, however, and will be 20 approximately one month after the scheduled trial date. He is a high school graduate, he has taken college courses and there is no evidence, or even any argument, that he is incapable of prosecuting this case on his own behalf. Moreover, as discussed in Section III.B. below, Plaintiff is the only person who can recover any damages a jury may award if it finds that Defendant has violated Title IX. Therefore, as there is no controlling authority to the contrary, the Court concludes that Plaintiff is the real party in interest and holds that this case shall be prosecuted by him alone.

Accordingly, the Court GRANTS Defendant's Motion to Amend the Caption to Reflect the Actual Real Parties in Interest (Docket #123).

**B.      Defendant's Motion to Exclude Any Award of Damages to David or Dena Patterson**

Defendant titles this motion as one to Exclude Any Award of Damages to David and Dena Patterson. As noted above, parents lack standing to bring a Title IX action on their own behalf. *Phillips,* 259 Fed. Appx. at 843. *See also Bosley v. Kearney R-1 Sch. Dist.*, 904 F. Supp. 1006 (W.D. Mo. 1995)(holding that parent cannot pursue an independent claim for damages under Title IX); *Hansen v. Bd. of Trs.*, 2007 U.S. Dist. LEXIS 78097 (S.D. Ind. Oct. 19, 2007) (holding that the plain language of Title IX confirms that parents do not have an independent claim for damages). In their response, "Plaintiff[] concede[s] that David and Dena Patterson have no cause of action under Title IX to claim compensatory damages o[r] consequential damages." The Court agrees with the parties and holds that David and Dena Patterson shall not be entitled to any award of damages in this case.

4

Similarly, Defendant seeks an order from the Court prohibiting Plaintiff from seeking damages on behalf of David or Dena Patterson. The Court finds that the request to prohibit Plaintiff from seeking damages on behalf of David or Dena Patterson is consistent with applicable law precluding an award of damages to parents of student seeking to recover under Title IX. Plaintiff does not contest this request. Accordingly, the Court holds that Plaintiff shall not have the right or ability to seek damages on behalf of David or Dena Patterson, though no separate order shall be issued.

Despite the title of its motion (Motion to Exclude any Award of Damages to David or Dena Patterson), Defendant also asks the Court to issue an order prohibiting any reference by Plaintiff, Plaintiff's witnesses or Plaintiff's counsel pertaining to damages or harm to David or Dena Patterson. Plaintiff opposes these requests as premature and contrary to the Rules of Evidence (namely Rule 402, which provides that all relevant evidence is admissible, subject to the balance of the Rules of Evidence). Plaintiff states:

> Defendant asks this Court to rule in a vacuum about evidence that has not been introduced. The fact that the parents of [Plaintiff] expended money for his medical care is relevant and material to the issue of damages. It also shows a concern and the fact that they took seriously the harassment experienced by their son, the fact that they were not negligent or indifferent (as Defendant has implied at various times), or that [Plaintiff] suffered emotionally at the hands of his tormentors whom the Defendant should have protected him from.

Plaintiff correctly asserts that Defendant has offered no authority to support its requests. Moreover, as the various motions in limine filed by the parties reveal, evidence may be offered as to the propriety of actions (or inaction) of David and Dena Patterson. As such, the Court cannot issue a pre-trial blanket ruling with respect to Defendant's request. The Court shall address the admissibility of evidence related to this subject area if and when the parties seek to introduce it at

trial.

Accordingly, Defendant's Motion to Exclude Any Award of Damages to David or Dena Patterson (Docket #126) is: (1) GRANTED insofar as it seeks to prohibit any request for or award of damages, directly or indirectly, to David or Dena Patterson, but (2) DENIED WITHOUT PREJUDICE with respect to the admission of evidence related to actions taken (or not taken) by David or Dena Patterson.

### C.   Defendant's Motion to Exclude Hearsay Testimony in Affidavits

Defendant argues that six affidavits attached to Plaintiff's Response to Defendant's Motion for Summary Judgment contain inadmissible hearsay.  Although Defendant does not identify the statements in such affidavits it believes to be inadmissible hearsay, Defendant requests that the Court:

> issue an order directing Plaintiff, any witnesses called by Plaintiff, and Plaintiff's counsel to refrain from mentioning, referring to, asking questions about, or interrogating witnesses directly or indirectly regarding hearsay statements contained in [such affidavits].

Plaintiff acknowledges, and the Court also concludes, that the affidavits are inadmissible hearsay and cannot be offered as exhibits at trial.

The Court finds, however, that it would be premature to decide the admissibility of statements set forth in the affidavits without: (a) knowing the statements at issue, or (b) hearing the declarants testify (Plaintiff indicates that he intends to call them at trial).  In accord with the Federal Rules of Evidence, Defendant may raise hearsay objections, as appropriate, when Plaintiff calls his witnesses at trial and his counsel questions such witnesses.  Accordingly, Defendant's Motion to Exclude Hearsay Testimony in Affidavits Attached to Plaintiff's Response to Defendant's Motion

for Summary Judgment (Docket #125) is DENIED WITHOUT PREJUDICE.

**D.     Defendant's Motion to Exclude References to Insurance Coverage**

Fed.R.Evid. 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully . . ." Defendant asks the Court to issue an order directing that Plaintiff, Plaintiff's witnesses and Plaintiff's counsel refrain from referencing in any manner whether Defendant has liability insurance. Plaintiff acknowledges the applicability of Rule 411 with respect to the issues of negligence or other wrongdoing, but he also notes that Rule 411 contains the following exception:

> This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

Plaintiff indicates that he does not anticipate seeking to introduce evidence related to Defendant's insurance, but he notes that a "need might arise if the Defendant offers testimony that a verdict would have adverse economic impact on the operation of the schools in its district."

Based on Fed.R.Evid. 411, the Court hereby ORDERS that all parties, their counsel and their witnesses are prohibited from mentioning that Defendant maintains (or does not maintain) insurance. If a party believes that evidence or argument has been presented that would allow the introduction of evidence of insurance maintained (or not maintained) by Defendant under the exception to Rule 411, such party shall promptly raise the issue with the Court without arguing the issue in the presence of the jury. Accordingly, for the reasons set forth above and subject to the foregoing, Defendant's Motion to Exclude References to Insurance Coverage (Docket #122) is GRANTED.

**E.     Defendant's Motion to Exclude Character Evidence**

Defendant contends that Plaintiff, David Patterson, and Dena Patterson have all offered

general testimony that Plaintiff is a "good kid" and a person of calm and peaceful disposition. Defendant believes Plaintiff's witnesses will offer testimony of this nature at trial. Defendant asserts that evidence of whether Plaintiff was a "good kid" constitutes character evidence that is irrelevant to this litigation and therefore inadmissible under Fed.R.Evid. 402 and 404(a). Fed.R.Evid. 402 provides, in part, that "[e]vidence which is not relevant is not admissible. . . ." Fed.R.Evid. 404(a) provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. . . ."

Plaintiff argues that, based upon Defendant's pleadings (including those filed in this Court, the Sixth Circuit Court of Appeals, and the United States Supreme Court), Plaintiff's character likely will be at issue at trial. Specifically, Plaintiff argues that Defendant has suggested that Plaintiff: (1) has had a difficult time getting along with his peers since he was five years old, (2) suffers from longstanding emotional issues, and (3) has other character issues. Plaintiff thus argues that in order to rebut Defendant's position, he is entitled to offer testimony that he was a "good kid;" for example, that he did well in school and got along with his peers earlier in his academic career. As such, Plaintiff contends that evidence of his general character would be necessary, relevant and admissible.

The Court finds that Defendant's motion is premature. Until the parties present arguments and evidence, the Court cannot determine whether evidence of Plaintiff's "character" will be offered to prove that he acted in conformity with it on a particular occasion. Similarly, until trial, the Court cannot rule on whether any character evidence will be relevant or whether its prejudicial effect would outweigh its probative value. Accordingly, the Court DENIES WITHOUT PREJUDICE Defendant's Motion to Exclude Character Evidence (Docket #124).

### F.     Defendant's Motion to Exclude References to Incidents of Which Defendant Did Not Have Knowledge

Defendant asks the Court issue an order prohibiting the offering of evidence of events about which the Defendant was unaware. Plaintiff opposes this motion because:

> sexual harassment of a per[v]asive nature in an environment arises out of an environment of extensive generalized teasing and harassment. It is impossible to separate the nature of severe and pers[v]sive sexual harassment from the total environment and convey adequate information to this jury.

Plaintiff further argues that the model jury instructions actually state that:

(1)     ordinary socializing such as horseplay, sexual flirtation, sporadic use of abusive language, gender related jokes, and occasional teasing do not constitute an abusive environment, and

(2)     only extreme conduct may be the subject of a verdict against the Defendant.

Plaintiff argues that the jury cannot assess extreme conduct in a vacuum, but must have an understanding of the overall environment.

Under Title IX, the funding recipient (Defendant) must have actual knowledge of the sexual harassment to be held liable. *See Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 642, 650 (1999); *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). *See also Martin v. Swartz Creek Cmty. Schs.*, 419 F.Supp.2d 967, 972-74 (E.D.Mich.2006) (noting that the Supreme Court has rejected a "knew or should have known" standard in the context of teacher-student harassment and citing *Davis*, 526 U.S. at 642); *Soper v. Hober*, 195 F.3d 845, 855 (6th Cir. 1999) (finding that the knowledge element could not be met when the "defendants did not have actual knowledge of the harassment until after the fact").

In a case involving alleged student-on-student sexual harassment, a school district may not

be liable under Title IX absent evidence that it ignored known acts of student-on-student sexual harassment. *Winzer v. School Dist. for City of Pontiac*, 105 Fed.Appx. 679, 681 (6th Cir. 2004). The knowledge element may be satisfied when "an appropriate official has actual knowledge of a substantial risk of abuse to students based on prior complaints by other students." *Johnson v. Galen Health Inst., Inc.*, 267 F.Supp.2d 679, 687-88 (E.D. Ky. 2003) (rejecting a requirement that a defendant must have actual knowledge of the specific conduct specifically directed at the plaintiff). "An 'appropriate person' under [20 U.S.C.] § 1682 is, at a minimum, an official of the recipient entity with authority to take corrective action to end the discrimination." *Gebser*, 524 U.S. at 290; *Williams v. Bd. of Regents*, 477 F.3d 1282, 1289 (11th Cir.2006).

As the foregoing cases (as well as other cases relied upon by Plaintiff in opposing this motion) reveal, only conduct which has been brought to the attention of an appropriate Defendant official would be relevant in this case. This makes sense, of course, because a party cannot act with "deliberate indifference to acts of harassment" unless that party had knowledge of such acts. For these reasons, the Court ORDERS that the parties are prohibited from introducing evidence of alleged harassment, teasing or other conduct that was not made known to Defendant (including any of its appropriate officials), thereby affording Defendant an opportunity to take remedial measures to address the kind of harassment upon which Plaintiff's claim is based. Accordingly, Defendant's Motion to Exclude References to Incidents of Which Defendant Did Not Have Knowledge (Docket #128) is GRANTED.

**G.     Plaintiff's Motion to Exclude Defendant from Calling Derrick Freis, PhD, as a Witness**

On January 20, 2010, in preparation of the joint final pretrial order, Defendant listed a "may call" witness named Derrick Freis, PhD. Plaintiff contends that Dr. Fries should be excluded as a

witness because Defendant provided Plaintiff no information regarding Dr. Freis' area of expertise, his anticipated testimony, nor his qualifications. As such, Plaintiff contends he cannot prepare for cross-examination and obtain possible rebuttal testimony for such a witness in time for trial.

Defendant admits that Dr. Freis had not been previously disclosed as a witness to Plaintiff. Defendant contends, however, that Dr. Freis was included as a potential expert for Defendant to rebut the unknown testimony of eight witnesses newly identified by Plaintiff on January 19, 2010:

1. Eileen F. Hamilton, Michigan Department of Education;
2. Joe R. Gomez, Jr., Ph.D.;
3. Steve Hearst, MA;
4. Wes Boyd;
5. Joyce Miller;
6. Karen Messer;
7. Shannon Schuler; and
8. Chuck Steuer.

Defendant asserts that it does not know who most of the individuals are or what the subject of their anticipated testimony will be. Defendant argues that, because of the late timing of these disclosures, all these witnesses should be stricken because Defendant will not have time to depose them prior to trial.

After reviewing the arguments of the parties, the Court concludes that it does not have adequate information to determine whether Dr. Freis may testify in this matter, particularly as he may be offered as a rebuttal witness. Accordingly, the Court shall take Plaintiff's Motion to Exclude Defendant from Calling Derrick Freis, PhD, as a Witness (Docket #130) UNDER ADVISEMENT.

In addition, as only Dr. Freis is identified as a witness to exclude pursuant to Plaintiff's motion, no other witnesses shall be excluded by the Court at this time.

**H.     Plaintiff's Motion to Exclude Defendant from Calling Rosalind E. Griffin, M.D. as a Witness**

At the request of Defendant, Rosalind E. Griffin, M.D. conducted an independent medical examination of Plaintiff on January 7, 2010. Dr. Griffin's deposition was set for January 26, 2010, the first available date after the examination. Plaintiff filed this motion to reserve the right to supplement the motion after taking the deposition of Dr. Griffin. In essence, Plaintiff wanted to preserve the right to move the Court to exclude Dr. Griffin if she was not qualified as an expert or Plaintiff deemed her work legally inadequate. Plaintiff stated that he would supplement or withdraw this motion on Wednesday, January 27, 2010, after completing the deposition of Dr. Griffin.

As set forth in Plaintiff's motion to adjourn the trial in this case, filed on January 26, 2010, Plaintiff did not conduct the deposition of Dr. Griffin as scheduled on that date. Plaintiff did not ask the Court to exclude Dr. Griffin as a witness in that motion, however, nor did Plaintiff supplement or withdraw this Motion on January 27, 2010, or at any time thereafter. Accordingly, as there is no action for the Court to take with respect to this "motion," the Court DENIES AS MOOT Plaintiff's Motion to Exclude Defendant from Calling Rosalind E. Griffin, M.D. as a Witness (Docket #131).

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above:

1.  Defendant's Motion to Exclude References to Insurance Coverage (Docket #122) is GRANTED.

2.  The Court GRANTS Defendant's Motion to Amend the Caption to Reflect the Actual Real Parties in Interest (Docket #123).

12

    3.      The Court DENIES WITHOUT PREJUDICE Defendant's Motion to Exclude Character Evidence (Docket #124).

    4.      Defendant's Motion to Exclude Hearsay Testimony in Affidavits Attached to Plaintiff's Response to Defendant's Motion for Summary Judgment (Docket #125) is DENIED WITHOUT PREJUDICE.

    5.      Defendant's Motion to Exclude Any Award of Damages to David or Dena Patterson (Docket #126) is: (1) GRANTED insofar as it seeks to prohibit any request for or award of damages, directly or indirectly, to David or Dena Patterson, but (2) DENIED WITHOUT PREJUDICE with respect to the admission of evidence related to actions taken (or not taken) by David or Dena Patterson.

    6.      Defendant's Motion to Exclude References to Incidents of Which Defendant Did Not Have Knowledge (Docket #128) is GRANTED.

    7.      The Court shall take Plaintiff's Motion to Exclude Defendant from Calling Derrick Freis, PhD, as a Witness (Docket #130) UNDER ADVISEMENT.

    8.      The Court DENIES AS MOOT Plaintiff's Motion to Exclude Defendant from Calling Rosalind E. Griffin, M.D. as a Witness (Docket #131).

IT IS SO ORDERED.

                                        S/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated:  February 3, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 3, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290