UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANE PATTERSON,

       Plaintiff,                         CASE NO. 05-74439
                                              HON. LAWRENCE P. ZATKOFF

v.

HUDSON AREA SCHOOLS,

       Defendant.

_____/

**SUPPLEMENTARY OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 3rd of February, 2010

PRESENT:   THE HONORABLE LAWRENCE P. ZATKOFF
                     UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

In an Opinion and Order issued by this Court and entered on the docket earlier today (Docket #157), the Court addressed eight of the eleven motions in limine timely filed by the parties to this action. In this Supplementary Opinion and Order, which incorporates by reference the background and analysis set forth in Docket #157, the Court addresses the remaining three motions in limine.

**II. ANALYSIS**

**A.    Defendant's Motion to Exclude Testimony Indicating that Defendant Did Not Provide Proper IEP Services**

Defendant requests that the Court issue an order barring the parties from seeking to introduce evidence about services Plaintiff believes Defendant should have provided under his Individualized

Educational Plan ("IEP"), at least in ninth grade. Specifically, Defendant contends that Plaintiff's witnesses (namely, Plaintiff and David and Dena Patterson) will testify that they were unhappy that Plaintiff had a different "resource room" teacher when he went to high school than he had in eighth grade, even though they approved of the IEPs.

Defendant argues it is well-settled law that a challenge to the provisions of an IEP prepared for a disabled public school student pursuant to the Individuals with Disabilities Education Act ("IDEA") and "the mandatory special education act" (which Defendant does not define) is subject to the administrative appeals procedure provided by those acts. Under those acts, a party may not file an action in federal or state court unless the party has first exhausted the required administrative process. *See generally* 20 U.S.C. § 1415; *Babicz v. School Bd. of Broward County*, 135 F.3d 1420 (11th Cir. 1998); *Jenkins v Carney-Nadeau Pub. Sch*. 201 Mich. App. 142 (1993). In this case, it is uncontested that Plaintiff never pursued the administrative process in an attempt to modify Defendant's obligations under the IEP.

Plaintiff asserts that in pleadings before this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court, Defendant has touted the IEP process as one of its responses to the sexual harassment and maintained that the IEP process demonstrates that Defendant took an appropriate level of action. Plaintiff argues that the Sixth Circuit, in considering this case on appeal: (1) noted that Plaintiff's IEP in ninth grade did not include certain provisions that apparently worked in eighth grade, and (2) suggested that this difference may be considered by the jury with respect to the issue of whether Defendant was deliberately indifferent. *See Patterson v. Hudson Area Schools*, 551 F. 3d 438, 445 n.6 (6th Cir. 2009). In addition, Plaintiff argues that he will call witnesses who will testify that Defendant failed to implement the IEP as proposed and designated,

2

thereby resulting in Plaintiff not returning to the educational environment at Defendant's high school.

The Court notes that this is a Title IX case, not an action brought under the IDEA or the American with Disabilities Act ("ADA"). Therefore, the IDEA and ADA cases cited by Defendant for the proposition that Plaintiff's claim is barred for failure to exhaust the administrative process are not controlling in this Title IX action. In addition, contrary to Defendant's argument in its Reply, the First Circuit case extensively discussed by Defendant actually supports the proposition that a Title IX claim is not barred even if the administrative process is not exhausted. *See Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 65-67 (1st Cir. 2002) (the court analyzed the viability of a Title IX claim **after** dismissing an IDEA-based 42 U.S.C. § 1983 claim for failure to exhaust the administrative process available under the IDEA).

Accordingly, for the reasons stated, the Court DENIES Defendant's Motion to Exclude Testimony Indicating that Defendant Did Not Provide Proper IEP Services (Docket #121).

**B.     Defendant's Motion to Exclude References to Non-Sexual Harassment[1]**

Defendant asks the Court to issue an order prohibiting any witness from testifying about certain conduct Defendant believes is non-sexual in nature or is otherwise not objectively offensive. On its face, Title IX protects against sex discrimination, not general bullying. *See* 20 U.S.C. § 1681(a). In *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629 (1999), the Supreme Court

---

[1]Defendant filed a Reply (Docket #154) with respect to this motion. The Court hereby ORDERS that Defendant's Reply BE STRICKEN from the docket because: (1) it is excessively long and leave of the Court to file such an oversize brief was not requested or granted (and no such leave will be granted); (2) Defendant raises numerous arguments and cites a litany of cases in the Reply that were not raised previously, either in its Motion in Limine on this issue or even in its Motion for Summary Judgment filed years ago; and (3) accepting and considering the Reply would be unduly prejudicial to Plaintiff and would contravene the interests of justice.

concluded that a school district may be held liable only for severe, pervasive, and objectively offensive sexual harassment under Title IX. Whether gender-oriented conduct rises to the level of actionable harassment "depends on a constellation of surrounding circumstances, expectations, and relationships, including but not limited to, the ages of the harasser and the victim and the number of individuals involved." *Id.* at 651 (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 82 (1998), and citing [Office for Civil Rights] Title IX Guidelines 12041-12042). The *Davis* Court limited this broad scope, noting the differences between school children and adults because:

> It is understandable that, in the school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it.

*Id.* at 651-52. Significantly, the *Davis* Court stated, "[d]amages are not available for simple acts of teasing and name-calling among school children, however, even where these comments target differences in gender." *Id.* at 652. Instead, "damages are available only where the behavior is so severe, pervasive, and objectively offensive that it denies the equal access to education...." *Id*.

Plaintiff, David Patterson, and Dena Patterson have all offered testimony that:

    a.  Plaintiff was generally teased;

    b.  Plaintiff was called names of a non-sexual nature, including but not limited to fat pig;

    c.  Plaintiff was called Mr. Clean;

    d.  Plaintiff was slapped by a female student;

    e.  A Mr. Clean sign was taped to Plaintiff's locker;

    f.  Plaintiff was called a quitter for quitting the basketball team;

    g.  Plaintiff was jostled in the hallways;

> h. Plaintiff had his books knocked to the floor; and
>
> i. Plaintiff's gym clothes and shoes thrown in a toilet.

Defendant argues that the foregoing conduct does not constitute sexual harassment and evidence of it should therefore be barred. Defendant also argues that some of the references, such as "Mr. Clean," are not objectively offensive, and should be excluded for that reason. Plaintiff argues that applicable law does not bar the admission of the conduct listed above, but Plaintiff does not specifically address whether such conduct is admissible, except for the references to Mr. Clean.

This is a Title IX case pursuant to which Defendant can be held liable only for deliberate indifference to severe, pervasive and objectively offensive **sexual** harassment. Accordingly, the admissible evidence of harassment in this case shall be limited to alleged instances involving harassment of a sexual nature. The Court therefore ORDERS that the parties are prohibited from soliciting witness testimony or otherwise seeking to introduce evidence that Plaintiff was subjected to general teasing and/or bullying. With respect to the conduct identified by Defendant in its motion and set forth above, that prohibition means that evidence of the conduct in parts a., b., f., g., h. and i. shall not be admissible because the conduct constitutes general teasing and/or bullying and not sexual conduct.

The Court agrees with Defendant's contention that references to "Mr. Clean" (parts c. and e.) are not facially offensive, without more. In this case, however, deponents have testified (and witnesses presumably will testify) that: (1) there were multiple events involving references to "Mr. Clean" in relation to Plaintiff and Defendant officials were aware of these events involving the Mr. Clean references; (2) such references were understood by Plaintiff to mean a lack of pubic hair; and (3) such meaning was made known to Defendant officials well before such references ceased. In

other words, there is evidence that Defendant officials knew that the Mr. Clean references directed at Plaintiff constituted harassment of a sexual nature. Accordingly, the Court concludes that evidence of the events involving "Mr. Clean" may be admissible if a proper foundation is laid at trial. The Court also concludes evidence that Plaintiff was slapped by a female student (part d.) may be admissible if a proper foundation is laid at trial.[2]

Accordingly, for the reasons set forth in this Section F., the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Exclude References to Non-Sexual Harassment (Docket #127).

**C.     Plaintiff's Motion to Exclude Certain Exhibits Disclosed by Defendant**

Plaintiff maintains Defendant first provided a number of proposed exhibits on the eve of the January 21, 2010, Final Pretrial Conference. Plaintiff has identified the following documents/items he wants the Court to exclude as untimely and prejudicial:

a.     A school incident report;

b.     An undated and unsigned Susan Mansfield letter to Counseling Department;

c.     Paul Dunbar Real Kids Real Life handout;

d.     School Climate Surveys;

e.     Bang, Bang, Your Dead video;

f.     Hudson Area Schools Professional Development Handout;

g.     CIS Needs for Hudson Area Schools dated December 31, 2004;

h.     Michigan Department of Education Report Card;

---

[2]Deponents have tied this act to a teacher's comment to Plaintiff in front of the class as to "how it felt to be slapped by a girl."

      i.      Youth Summit Material;

      j.      Asset Building materials from Developmental Assets Program;

      k.      Hurting and Flirting Materials; and

      l.      Expenditures made by School District for Plaintiff's education;

Plaintiff asserts that he does not have adequate time to investigate these materials and/or to determine their authenticity in advance of trial. Defendant's response to the foregoing claims is discussed below.[3]

First, Defendant represents that it does not intend to use the Development Handout (5.f.), the CIS Needs (5.g.) or the Michigan Department of Education Report Card (5.h.) as exhibits. Accordingly, the Court finds no need to address such documents or rule on their admissibility herein; provided, that Plaintiff may challenge their admission in the event Defendant attempts to introduce them.

Second, as to the balance of the materials identified by Plaintiff (except for the expenditures made by Defendant for Plaintiff's education), Defendant argues that Plaintiff has been aware of and/or possessed such materials for years. Defendant asserts that the school incident report (part a.) is the same as the police incident report provided during discovery and attached as Exhibit 20 to its motion for summary judgment. Defendant asserts that the Susan Mansfield letter (part b.): (1) was attached as Exhibit 24 to Defendants' motion for summary judgment, (2) was produced at Ms. Mansfield's deposition, and (3) can be authenticated by Ms. Mansfield (a scheduled trial witness),

---

[3]The Court notes that Defendant asserted in its response that Plaintiff: (1) provided Defendant with over 2,000 new documents on the eve of the Final Pretrial Conference, and (2) identified a number of new witnesses and exhibits in the Joint Final Pretrial Order, and as such, all of the foregoing should be stricken. As there is no motion before the Court with respect to such matters, however, the Court shall take no action with respect to such matters at this time.

if necessary. Defendant asserts that the student climate surveys (part d.) were (a) discussed by Ms. Mansfield at her deposition, (b) discussed in Plaintiff's response brief to Defendant's motion for summary judgment, and (c) identified in the Court's Opinion granting summary judgment. In addition, Defendant notes that Plaintiff listed these surveys as exhibits he will rely upon at trial in Plaintiff's portion of the Joint Final Pretrial Order (prepared before Plaintiff received Defendant's portion of the Joint Final Pretrial Order).

Defendant next asserts that the Paul Dunbar handout (part c.), the "Bang, Bang, Your Dead" video (part e.), the Asset Building Materials (part j.), and the Hurting and Flirting Materials (part k.) involve programs that Defendant put on and do not involve anything new, as follows:

1. The "Bang, Bang, Your Dead" was discussed at depositions of Mike Osborne and Tammy Cates.
2. Mr. Osborne discussed the Developmental Asset Program at his deposition.
3. Ms. Mansfield discussed the Flirting and Hurting program in detail at her deposition.
4. The Paul Dunbar seminar was discussed in detail at Mr. Osborne's deposition.

Defendant also contends that these programs were discussed in Defendant's motion for summary judgment, Plaintiff's response, and the Court's Opinion. Finally, Defendant asserts Plaintiff identified this information in his portion of the Joint Pretrial Order.

With respect to the costs pertaining to Plaintiff's education (part l.), Defendant contends that those records have been turned over to Plaintiff. Defendant argues that the documents could not have been produced during the course of discovery because they did not exist at the time; they have only come to existence as Dane continued his education and graduated. Defendant further argues that, for the most part, Plaintiff already had these records as the records are requests for

8

reimbursement made by Plaintiff and checks made out to Plaintiff. Defendant asserts that these charges were even the subject of a claim the Pattersons filed to the Michigan Department of Education. Accordingly, Defendant argues that even though such records were only recently turned over to Plaintiff as single item, there can be no surprise to Plaintiff regarding these documents.

The Court notes that Plaintiff has not filed a reply or otherwise challenged Defendant's responses that Plaintiff timely received the materials identified at parts a., b., c., d., e., j., k. and l. Moreover, to the extent Defendant asserts that the foregoing documents were attached as exhibits to its motion for summary judgment, or were discussed at a deposition or in the parties' briefs or an opinion of this Court, the Court has confirmed such assertions are accurate. As such, the Court finds that Plaintiff could not have been surprised by the inclusion of the possible exhibits in parts a., b., c., d., e., j., k. and l. and concludes that none of these possible exhibits shall be excluded for being produced untimely.[4]

Finally, the Court notes that Defendant did not address the material identified at part i. of Plaintiff's motion (Youth Summit Material), and the Court does not recall any discussion of this material in the parties' briefs addressing the motion for summary judgment. Accordingly, the Court shall exclude the Youth Summit Material (part i.).

Accordingly, and for the reasons set forth above, Plaintiff's Motion to Exclude Certain Exhibits Disclosed by Defendant (Docket #129) is GRANTED IN PART and DENIED IN PART.

---

[4]In its motion, Plaintiff argued that the Paul Dunbar presentation (part c.) took place after Plaintiff was sexually assaulted (presumably, this means the locker room incident) and no longer attended the high school building. Therefore, Plaintiff argues that such materials are immaterial and irrelevant to this action. In reviewing the filings on the Docket, the Court cannot ascertain whether the Paul Dunbar presentations took place after Plaintiff ceased attending Defendant's high school. If the presentation did take place after Plaintiff ceased attending Defendant's high school, however, the Court agrees that evidence pertaining to Paul Dunbar shall be excluded.

### III.  CONCLUSION

Accordingly, and for the reasons set forth above,

1. The Court DENIES Defendant's Motion to Exclude Testimony Indicating that Defendant Did Not Provide Proper IEP Services (Docket #121).

2. The Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Exclude References to Non-Sexual Harassment (Docket #127).

3. Plaintiff's Motion to Exclude Certain Exhibits Disclosed by Defendant (Docket #129) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  February 3, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 3, 2010.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290