UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

---

**DANE PATTERSON,**

    Plaintiff,    Case No. 05-74439

vs.    Hon. Lawrence P. Zatkoff

**HUDSON AREA SCHOOLS**

    Defendant.

---

| | |
|---|---|
| **TERRY E. HEISS (P36687)** | **TIMOTHY J. MULLINS (P28021)** |
| Attorney for Plaintiff | Attorney for Defendant |
| 6440 East Fulton Street, Suite 201 | 101 West Big Beaver, 10th Floor |
| Ada, Michigan 49301 | Troy, Michigan 48084-5280 |
| 616.676.3850 | 248.457.7000 |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER EXCLUDING REFERENCES TO NON-SEXUAL HARASSMENT**

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER EXCLUDING REFERENCES TO NON-SEXUAL HARASSMENT**

**CERTIFICATE OF ELECTRONIC SERVICE**

**PREPARED BY:**
**TERRY E. HEISS, P.C.**

    By:    Terry E. Heiss (P36687)
             Attorney for Plaintiff
             6440 E. Fulton Street, Suite 201
             Ada, Michigan 49301
             (616) 676-3850

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

---

DANE PATTERSON,

       Plaintiff,                                    Case No. 05-74439

vs.                                                 Hon. Lawrence P. Zatkoff

HUDSON AREA SCHOOLS

       Defendant.

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER
EXCLUDING REFERENCES TO NON-SEXUAL HARASSMENT**

    NOW COMES the Plaintiff, DANE PATTERSON, by and through his attorney, Terry E. Heiss, and for his Motion for Reconsideration of Court Order Excluding References to Non-Sexual Harassment states as follows:

1. In 2005, Plaintiff Dane Patterson filed suit under Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. § 1681, alleging that Defendant Hudson Area Schools was liable for its deliberate indifference to known severe, pervasive, and objectively offensive sexual harassment.

2. On January 20, 2010, Defendant filed several Motions in Limine concerning the introduction of evidence in this case. Among these Motions, Defendant filed a Motion to Exclude References to Non-Sexual Harassment.

3. On January 29, 2010, Plaintiff filed his Response to Defendant's Motion In Limine to Exclude References to Non-Sexual Harassment.

4. On February 1, 2010, Defendant filed its Reply in Support of Its Motion In Limine to Exclude References to Non-Sexual Harassment.

5. On February 3, 2010, this Honorable Court entered its Opinion on outstanding motions, including the Motion to Exclude References to Non-Sexual Conduct. This Court ordered Defendant's Reply stricken from the record, and granted in part and denied in part Defendant's Motion.

6. The Court found the following evidence to be inadmissible because the conduct constituted general teasing and/or bullying and not sexual conduct:

   a. Plaintiff was generally teased;

   b. Plaintiff was called names of a non-sexual nature, including but not limited to "fat pig";

   c. Plaintiff was called a quitter for quitting the basketball team;

   d. Plaintiff was jostled in the hallways;

   e. Plaintiff had his books knocked to the floor; and

   f. Plaintiff's gym clothes [were urinated upon] and shoes thrown in a toilet.

7. Plaintiff now asks the Court to reconsider its ruling based upon the following:

   a. As to item (f), the urination upon the Plaintiff's clothes and the gym shoes being thrown in the toilet, Plaintiff states:

      i. Tyler Walden in his affidavit on file as Docket Entry 53, attested in paragraphs 14 and 15 that he observed Plaintiff's gym locker covered in sexually explicit words using shaving cream and personally observed the gym shoes thrown in the toilet. These, along with the clothes urinated

       upon, are believed to be all one transaction occurring at the same time. Plaintiff expects to be able to so establish, thereby making it relevant and material to this matter.

    ii.    Plaintiff's expert, Glenn Stutzky, is prepared to opine that a male urinating upon the property of another male is a gender based issue or harassment – and is a statement that the perpetrator has power over the victim and can abuse the victim whenever the perpetrator wants to. It is an invasion of personal space at the intimate level of property most close to him – his clothing. For a male, one of the ultimate acts of harassment and degradation is a male urinating on him or his closest possessions.

b.    As to items (a), (b), (c), (d),and (e), above, these items have relevance as well. Plaintiff's expert is prepared to testify that severe, pervasive, and explicit sexual harassment of the type experienced by Dane Patterson is a progression in severity of the more generalized bullying and harassment experience referenced in items b-f, inclusive. Bullying and harassment do not remain stable but only increase in severity if not adequately addressed.

    i.    For example, John Redding, an authority figure, calls Dane Patterson a "quitter" on multiple occasions in front of his peers. This sends a message to the student body that aggressive behavior or messages will be tolerated in the environment, thereby serving to enhance a hostile environment for Plaintiff. The adults at the school are supposed to be the ones to whom a student can go to for safety. When the one who is supposed to protect a

4

        student, abuses a student, that student is more vulnerable in the environment.

    ii.    Acts of physical violence, such as books slapped out of Plaintiff's hands, Plaintiff being pushed into lockers, or jostled in the halls are all part of an environment that intractably? related to the sexual harassment

8. Therefore, Plaintiff asks this Court to reconsider section B of its Order dated February 3, 2010, relating to the admissibility of references to nonsexual harassment.

9. Plaintiff incorporates by reference the brief set forth in the following pages and the affidavit of Glenn Stutzky.

Date: **February10, 2010**　　　　　　　/s/ Terry E. Heiss
　　　　　　　　　　　　　　　　　　　　Terry E. Heiss (P36687)
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs
　　　　　　　　　　　　　　　　　　　　6440 East Fulton Street, Suite 201
　　　　　　　　　　　　　　　　　　　　Ada, Michigan 49301
　　　　　　　　　　　　　　　　　　　　(616) 676-3850
　　　　　　　　　　　　　　　　　　　　theiss@adalegalgroup.com

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

DANE PATTERSON,

    Plaintiff,                                     Case No. 05-74439

vs.                                                Hon. Lawrence P. Zatkoff

HUDSON AREA SCHOOLS

    Defendant.

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER EXCLUDING REFERENCES TO NON-SEXUAL HARASSMENT**

**LAW AND ARGUMENT**

        It is undisputed that Title IX protects against sex discrimination, not general teasing and generalized bullying. See 20 U.S.C. § 1681(a). While courts have noted the similarities between and applied similar standards in both Title VII and Title IX cases, courts have also noted the textual differences between them. ***Davis v. Monroe County Bd. of Educ.***, 526 U.S. 629, 643; 119 S.Ct. 1661; 143 L.Ed.2d 839 (1999). Indeed, Plaintiff can appreciate the need to distinguish between generalized harassment and discriminatory harassment to "ensure that Title VII [and Title IX] does not become a general civility code." ***Bowman v. Shawnee State Univ.***, 220 F.3d 456, 464 (6th Cir. 2000), quoting ***Faragher v. City of Boca Raton***, 524 U.S. 775, 788; 119 S.Ct. 2275; 141 L.Ed.2d 662 (1998). However, determining whether or not Dane Patterson was subjected to severe, pervasive, and objectively offensive sexual harassment **does not require that each incident** itself must be severe, pervasive, and objectively offensive.

7

> Under Title VII hostile environment cases, it has been found that:
>
> [t]he court must consider the totality of the circumstances when determining whether, objectively, the alleged harassment is sufficiently severe or pervasive to constitute a hostile work environment. See *Williams* [*v. General Motors Corp.*,] 187 F.3d [553] at 562. "[T]he issue is not whether each incident of harassment standing alone is sufficient to sustain the cause of action in a hostile environment case, but whether-taken together-the reported incidents make out such a case." *Id*. The work environment as a whole must be considered rather than a focus on individual acts of alleged hostility. See *id.* at 563.

*Bowman*, at 463. In *Williams*, the phrase "totality of the circumstances" was used in addition to "the constellation of surrounding circumstances, expectations, and relationships" cited in *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) and incorporated into *Davis* and the Office for Civil Rights Guidelines. It was based upon this framework that the Sixth Circuit Court of Appeals reversed and remanded the district court's grant of summary judgement and found that certain pranks, such as gluing office supplies to one's desk and being hit by a thrown box could be shown to create a hostile environment if seen as part of the constellation of surrounding circumstances. *Williams* at 563-564. "A work environment viewed as a whole may satisfy the legal definition of an abusive work environment, for purposes of a hostile environment claim, even though no single episode crosses the Title VII threshold." *Id.* at 564.

The Supreme Court, in **Davis**, cautioned that there were differences between schools and the adult workplace. **Id.** at 651-652. The majority opinion then criticized the dissent's argument that there were now essentially no limitations on a school district's liability for student-on-student harassment. The majority readdressed the "simple acts of teasing and name-calling", by stating that no liability could exist when students teased an overweight student, student's called

another student with glasses "four eyes", or when a bully calls his or her victim a "scaredy-cat". **Id.** at 652-653.  However, the majority also noted that "[e]ven the dissent suggests that Title IX liability may arise when a funding recipient remains indifferent to severe, gender-based mistreatment played out on a 'widespread level' among students." **Id.**

In another Title VII case, one court noted that "the line between sexual orientation discrimination [which is not protected under Title VII] and discrimination 'because of sex' can be difficult to draw....  However, our analysis – viewing the facts and inference in favor of [plaintiff] – leads us to conclude that the record is ambiguous on this dispositive question.  Accordingly, [plaintiff's] gender stereotyping claim must be submitted to a jury." **Prowel v. Wise Business Forms, Inc.**, 579 F.3d 285, 291 (3rd Cir. 2009).

Plaintiff, in his Response to Defendant's Motion In Limine to Exclude References to Non-Sexual Harassment, has already presented the "factors to evaluate conduct in order to draw common sense distinctions between conduct that constitutes sexual harassment", issued by the Office of Civil Rights in its Revised Sexual Harassment Guidance of January 19, 2001.  Furthermore, Plaintiff has presented case law in which courts included "nonsexual harassment", including teasing, name-calling, and physical but nonsexual altercations, in their analysis as to whether incidents taken as a whole reflect a pattern of harassment that was severe and pervasive.  See ***Doe v. Bellefonte Area Sch. Dist.***, 106 Fed. Appx. 798 (3rd Cir., 2004); ***Theno v. Tonganoxie Unified Sch. Dist. No. 464***, 377 F.Supp.2d 952 (D. Kan., 2005).  See also, ***Martin v. Swartz Creek Comm. Sch.***, 419 F.Supp.2d 967 (E.D. Mich., 2006) (nacho cheese poured on plaintiff's head and plaintiff sprayed with water); ***Riccio v. New Haven Bd. of Educ.***, 467 F.Supp.2d 219 (D. Conn., 2006) (thrown objects at plaintiff and a challenge to a physical fight).

9

A number of cases which appear to differentiate prior acts of sexual harassment and non-sexual harassment, actually **differentiate prior acts of the harasser**.  This is because actual notice of a harasser's past sexual abuse of a plaintiff or other students may impact whether or not the school district had actual notice of the severe, pervasive, and objectively offensive sexual harassment.  See ***Doe v. School Admin. Dist. No. 19***, 66 F.Supp.2d 57, 63 (D. Me. 1999).  However, while a school district has a duty to create and maintain a safe environment for its students at common law, "for Title IX claims based on student-on-student sexual harassment, only misconducted motivated by gender... is potentially relevant." ***Doe ex rel. Pahssen v. Merrill Community Sch. Dist.***, 610 F. Supp.2d 789, 811 (E.D. Mich. 2009).  In this context, evidence of a harasser's prior sexual misconduct, known by the school would be relevant; yet, facts as to whether offending students had poor grades or often fought other students would be irrelevant.  In the present case, even though several students sexually harassed Dane Patterson on more than one occasion, the issue is the environment in which the numerous incidents of sexual harassment occurred, one that included teasing and bullying, not whether the harassing students themselves had previous teased or bullied other students.

The incidents of "nonsexual" harassment in the present case relates directly to the hostile environment Dane Patterson was subjected to on a daily basis.  They make up the "totality of the circumstances", the "constellation of surrounding circumstances, expectations, and relationships", and the "widespread level" of gender-based mistreatment.  These incidents can be tied directly to the environment through Plaintiff's expert, Glenn Stutzky, or to creating an environment in which students witness teachers taunting their peers.  In the case of the gym clothing that was urinated upon and shoes place in a toilet, this event can be tied to a

10

contemporaneous incident of sexual harassment through a witness. Lastly, many of the daily generalized harassment and physical harassment can be tied directly to the daily sexual harassment by Dane Patterson.

    a.    **Plaintiff was generally teased**

These incidents relates to the environment in which Dane Patterson was sexually harassed and, if known by the Defendant, should be considered by the jury.

    b.    **Plaintiff was called names of a non-sexual nature, including but not limited to "fat pig"**

These incidents relates to the environment in which Dane Patterson was sexually harassed and, if known by the Defendant, should be considered by the jury.

    c.    **Plaintiff was called a quitter for quitting the basketball team in favor of working on his slipping grades**

This incident relates to the environment in which Dane Patterson was sexually harassed, and as will be opined by Plaintiff's expert, demonstrated to students that a teacher could taunt Dane Patterson, sending a message that aggressive behavior in the environment will be tolerated.

    d.    **Plaintiff was jostled in the hallways**

These incidents relates to the environment in which Dane Patterson was sexually harassed and, if known by the Defendant, should be considered by the jury.

    e.    **Plaintiff had his books knocked to the floor**

These incidents relates to the environment in which Dane Patterson was sexually harassed and, if known by the Defendant, should be considered by the jury.

    f.    **Plaintiff's gym clothes were urinated upon and his shoes thrown in a toilet**

As will be opined by Plaintiff's expert, the act of urinating upon clothing and putting articles in a toilet is considered sexual harassment because it is gender dominating conduct.  Furthermore, case law has indicated that the act of urinating can be considered sexual harassment.  See ***Mancuso v. City of Atlantic City***, 193 F.Supp.2d 789, (D. N.J., 2002) ("a number of male lifeguards harassed Kelley by... urinating on and then freezing her bathing suit."); ***Doe v. Perry Community School Dist.***, 316 F.Supp.2d 809 (S.D. Iowa, 2004) (plaintiff urinated upon while in the shower room).  Lastly, according to Tyler Walden in his Affidavit (Docket Entry 53), these acts occurred as part of the same transaction of another incident of sexual harassment – sexually derogatory phrases being written in shaving cream on Dane's gym locker.

Therefore, Plaintiff asks this Court to reconsider section B of its Order dated February 3, 2010, relating to the admissibility of references to nonsexual harassment.

Date: **February 10, 2010**        /s/ Terry E. Heiss
                                   Terry E. Heiss (P36687)
                                   Attorney for Plaintiffs
                                   6440 East Fulton Street, Suite 201
                                   Ada, Michigan 49301
                                   (616) 676-3850
                                   theiss@adalegalgroup.com

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

**DANE PATTERSON,**

       **Plaintiff,**                                     Case No. 05-74439

vs.                                                       Hon. Lawrence P. Zatkoff

**HUDSON AREA SCHOOLS**

       **Defendant.**

## CERTIFICATE OF ELECTRONIC SERVICE

I do hereby certify that on **Wednesday, February 10, 2010**, I served copies of **Plaintiff's Motion for Reconsideration of Order Excluding References to Non-sexual Harassment, Plaintiff's Brief in Support of Plaintiff's Motion for Reconsideration of Order Excluding References to Non-sexual Harassment** and **Certificate of Electronic Service** upon the following, via e-filing:

**Timothy J. Mullins**
**Giarmarco, Mullins & Horton, PC**
**101 West Big Beaver Road, 10th Floor**
**Troy, Michigan 48084**
**Attorneys for Defendants**

                                      /s/ Terry E. Heiss
                                      Terry E. Heiss (P36687)
                                      Terry E. Heiss, P.C.
                                      Attorney for Plaintiff
                                      6440 E. Fulton Street, Suite 201
                                      Ada, MI 49301
                                      616.676.3850
                                      theiss@adalegalgroup.com