UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANE PATTERSON,

       Plaintiff,                                CASE NO. 05-74439
                                                    HON. LAWRENCE P. ZATKOFF

v.

HUDSON AREA SCHOOLS,

       Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 12th of February, 2010

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
                 UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Reconsideration of Order Excluding Non-Sexual Harassment (Docket #163), filed at approximately 9:00 p.m. on February 10, 2010, only days before trial. E.D. Mich. L.R. 7.1(g)(2) provides that no response to a motion for reconsideration is permitted unless ordered by the Court. Upon receipt of the Motion for Reconsideration, the Court notified Defendant that it could file a response to the Motion for Reconsideration by 12:00 p.m. on Friday, February 12, 2010, if Defendant so desired, and entered an Order stating the same. Defendant timely filed a response.

## II. ANALYSIS

The Court recently issued an Supplementary Opinion and Order wherein it addressed, among other motions, Defendant's Motion to Exclude References to Non-Sexual Harassment. In that motion, Defendant asked the Court to issue an order prohibiting any witness from testifying about certain conduct Defendant believed to be non-sexual in nature or otherwise not objectively offensive. Plaintiff had a little over a week to file a response to the Motion and did so. After reviewing Defendant's brief and Plaintiff's response (and striking Defendant's reply), the Court granted the motion in part and denied the motion in part. Plaintiff now asks the Court to revisit its decision as to all the evidence the Court excluded.

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(g). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR 7.1(g)(3).

The Court hereby denies Plaintiff's Motion for Reconsideration. In essence, but for one issue discussed below, Plaintiff reiterates the arguments it made in opposition to the original motion. Although some additional case law is cited (as it is not recent case law, however, it is unclear why such case law was not included in opposing Defendant's motion in the first place), Plaintiff is asking

the Court to revisit the same issues expressly ruled upon by the Court in deciding Defendant's motion.

Plaintiff raises a new argument with respect to one particular incident that the Court determined was not relevant and admissible. As presented in the Defendant's motion, there was an incident where "Plaintiff's gym clothes and shoes [were] thrown in a toilet." Now, in his Motion for Reconsideration, Plaintiff for the first time suggests that the clothes and shoes were urinated upon and that such act of urination constitutes an act of sexual harassment. Plaintiff fails to explain why the issue of urination was not raised in his response to Defendant's motion (he testified about it at his deposition on March 22, 2007). The Court therefore concludes that Plaintiff waived this argument. Even if Plaintiff had not waived this argument, however, the Court would continue to exclude evidence of that incident because having clothes and shoes thrown in a toilet with urine (the most any deponent or affiant has indicated) is not evidence of sexual harassment.

Accordingly, for the reasons stated above, the Court does not find that there was a palpable defect upon which the Court or the parties were misled, nor does the Court find that considering the issue of urination on the shoes and clothes would result in a different disposition of the matter.

### III. CONCLUSION

Accordingly, and for the reasons set forth herein, the Court DENIES Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.


          S/Lawrence P. Zatkoff
          LAWRENCE P. ZATKOFF
          UNITED STATES DISTRICT JUDGE

**Dated:  February 12, 2010**

## CERTIFICATE OF SERVICE

      **The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 12, 2010.**


          S/Marie E. Verlinde
          **Case Manager**
          **(810) 984-3290**