UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANE PATTERSON,

       Plaintiff,                          Case No. 05-74439

v                                              Hon. Lawrence P. Zatkoff

HUDSON AREA SCHOOLS,

       Defendant.
_____/

| | |
|---|---|
| TERRY E. HEISS (P36687)<br>Attorney for Plaintiff<br>6440 E. Fulton St., Ste. 201<br>Ada, MI 49301<br>(616) 676-3850<br>theiss@adalegalgroup.com | TIMOTHY J. MULLINS  (P28021)<br>GIARMARCO, MULLINS & HORTON, P.C.<br>Attorney for Defendant<br>101 W. Big Beaver, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7000<br>tmullins@gmhlaw.com |
| RICHARD H. WINSLOW (P22449)<br>Co-Counsel for Plaintiffs<br>430 Walden Drive<br>Otsego, MI 49078<br>(269) 692-2285<br>Rhwins1060@aol.com | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADDITIONAL JURY INSTRUCTIONS

NOW COMES Defendant, HUDSON AREA SCHOOLS, by and through its attorneys, GIARMARCO, MULLINS & HORTON, P.C., and for its response to Plaintiff's Request For Additional Jury Instructions states as follows:

1.    Plaintiff's first requested Jury Instruction should be denied as Plaintiff has mischaracterized the testimony introduced to date, as will be explained below.  Plaintiff has also grossly misinterpreted the Sixth Circuit's opinion in *Patterson v. Hudson Area Schools*, 551 F.3d

438 (6th Cir. 2009). The Sixth Circuit merely stated whether Hudson Area School's success with individual perpetrators constituted deliberate indifference is a question of fact for the jury to decide. The Court **did not** state success with individuals cannot shield Hudson from liability, as Plaintiff's jury instruction suggests. The Court stated as follows:

> We believe this language makes clear that, even though a school district takes some action in response to known harassment, if further harassment continues, a jury is not precluded by law from finding that the school district's response is clearly unreasonable. We cannot say that, as a matter of law, a school district is shielded from liability if that school district knows that its methods of response to harassment, though effective against an individual harasser, are ineffective against persistent harassment against a single student. Such a situation raises a genuine issue of material fact for a jury to decide. Id. at 448.

Plaintiff's gross misinterpretation of the Sixth Circuit's opinion should be disregarded.

2. This instruction should be denied because the Court has made clear that it would provide the general instructions to the jury. Plaintiff is invading the province of this Court to instruct the jury, contrary to this Court's repeated instructions.

3. All records requested by Plaintiff that were in control of Hudson Area School have been produced. Hudson Area Schools was under no legal obligation to retain the documents/records Plaintiff complains of in paragraph 3, such as any records or notes pertaining to Ms. Mansfield's disciplining of students relative to Dane's complaints, the note card used by Sabin E., or Tom Durbin's investigative notes. The duty to maintain records or reports only arises when the onset of litigation is likely. *O'Brien v. Ed Donnelly Enters.,* 575 F.3d 567, 587 (6th Cir. 2009). There was no reason to believe at that time that there would be litigation against the School District for a scribble on a locker, or for a note card that was displayed in class. As stated in *Davis v Monroe*, 526 US 629, 652 (1999), "[d]amages are not available for simple acts of teasing and name-calling among school children." Therefore, no adverse inference is required.

2

The records prepared <u>after</u> the onset of litigation that Susie Mansfield disposed of after the case was dismissed by this Court related to her involvement with Dane as his case manager for Dane's 12th grade IEP. Any additional records that Mansfield prepared <u>after</u> the onset of litigation have been produced to Plaintiff.

If there should be an instruction for spoliation it should be in reference to the other three "missing" planner pages that mysteriously disappeared. Although it was never communicated to Hudson Area Schools, it is obvious that Plaintiff had been anticipating litigation when he preserved the single page of the planner. Therefore, because Plaintiff destroyed these pages knowing he would file suit, there should be an instruction that states the following:

> **Plaintiff Dane Patterson has claimed that four pages of his planner have been defaced, however, he has only produced one page. You may infer that Plaintiff failed to produce these other pages because it would not have supported his claim that three other pages were drawn on.**

4.     Again, Plaintiff's first requested Jury Instruction should be denied because Plaintiff has mischaracterized the testimony introduced to date, and misinterpreted the Sixth Circuit's Opinion. In addition to successfully addressing the individual complaints Plaintiff raised, the evidence and testimony further establishes that Defendant Hudson Area Schools addressed Plaintiff's complaints in a systemic manner (i.e., created numerous school programs targeted at overall character development and peer-on-peer sexual harassment—as acknowledged by Plaintiff's Expert, Glenn Stutzky).

As for the disciplining of students in each situation where there was a complaint by Dane or his parents, administrators at Hudson Area Schools took action by investigating the incident and, if the perpetrator was identifiable, reprimanding the perpetrator and imposing the punishment the administrators deemed appropriate under the circumstances. In some instances,

punishment meant a verbal reprimand and/or extracting an apology from the perpetrator(s), suspension, and even expulsion.  Hudson Area Schools also provided a resource room, counseling, and social worker services to Dane.

Additionally, the Sixth Circuit found that Hudson Area Schools did effectively respond to Plaintiff's complaints in sixth and seventh grade by placing Dane in a resource room.  The Court stated:

> One key difference between *Theno* and this case is that Hudson did at one point employ a system that successfully combated the harassment of DP, i.e., the use of the resource room during eighth grade.  Id. at 449.  In the instant case, a reasonable jury could thus conclude that Hudson not only was aware of what did not work, but also was aware of what had worked to insulate DP from the harassment. However, in ninth grade, Hudson discontinued the use of the resource room.

Therefore, the Court acknowledged that the School did respond appropriately to issues raised by Plaintiff.  If any additional instruction should be read to the jury, this new instruction should state what the Sixth Circuit determined, that the resource room was an appropriate response to issues raised by Plaintiff and his family:

> **You can conclude that Defendant Hudson Area Schools responded appropriately to Plaintiff Dane Patterson's concerns in sixth and seventh grade by placing Plaintiff in a resource room for the eighth grade.**

The testimony and evidence has also corrected a critical fact which led the Sixth Circuit to find that a question of fact existed as to whether Hudson Area Schools was deliberately indifferent.  The Sixth Circuit found that Hudson knew that the resource room helped Dane Patterson in eighth grade, but it was a question of fact whether it was deliberately indifferent to take away the resource room from Dane in the ninth grade.  On two occasions, the Court cited to this reason.  In addition to the above quote the Court also found:

> The record clearly shows and both parties admit that, when the resource room was used, DP suffered less harassment. Whether it was the use of the room or the

4

>person who ran the room that caused this undisputed decreased harassment is a question of interpretation. Because we must draw all inferences in favor of the nonmoving party, it is legally incorrect for the dissent to infer that Mr. Adams himself, and not the use of the resource room in general, aided DP. This same evidence supports the inference that it was the use of the resource room itself that was beneficial to DP and, because that inference favors the Pattersons, that is the inference the Supreme Court demands we draw. *Id.* at 446.

Given the testimony and evidence presented, it is now known that the Sixth Circuit's position was incorrect.

David Patterson testified that the ninth grade emotionally impaired resource room was available to Dane, but *the Pattersons* did not want the ninth grade EI resource room; rather, they only wanted Adams. David Patterson conceded Dane could have achieved similar success with the ninth grade resource room teacher, but the Pattersons were not willing to give the high school teacher the opportunity to connect with Dane.

In response to the Patterson's request, Hudson Area Schools provided Dane with exactly what David Patterson wanted: resource room services with Ted Adams for ninth grade. Ted Adams was a middle school resource room teacher; regardless of this fact, the District assigned Mr. Adams to Dane in the High School.

Exhibit 30, Dane's ninth grade IEP, unequivocally states that Dane had access to the Resource Room on a "Daily Basis As Needed." Dane Patterson, Ted Adams, and Mike Osborne all testified that Ted Adams provided Dane's resource room services, as the Pattersons requested.

The testimony from Ted Adams has been that, pursuant to the terms of Dane's ninth grade IEP, he was available to meet with Dane **more often** than Dane met with Adams in eighth grade. Dane testified he did meet with Adams in ninth grade for resource room services.

Clarification of these facts upon which the Sixth Circuit relied in finding a question of fact should be sufficient to grant a directed verdict in Hudson Area School's favor.

5. Plaintiff has attempted to rewrite the jury instruction regarding deliberate indifference. If this instruction is revised, it should be amended as follows:

> "**Deliberate indifference**" **means that the Defendant's response to the alleged harassment or lack of response was clearly unreasonable.**
>
> **A collection of sloppy, or even reckless, oversights by a School District does not constitute deliberate indifference. Deliberate indifference means that there is evidence showing an obvious disregard of sexual harassment, and that there was an official decision by a School District not to remedy the sexual harassment.**
>
> **Under the deliberate indifference standard, Hudson Area Schools is not required to remedy or prevent sexual harassment, nor ensure that students conform their conduct to certain rules. On the contrary, Hudson Area Schools must merely respond to known sexual harassment in a manner that is not clearly unreasonable.**
>
> **The deliberate indifference standard does not mean that the School District must eliminate peer harassment or that administrators must engage in particular disciplinary action. The standard does not mean that the School District must expel every student accused of misconduct. Under this standard, Plaintiff Dane Patterson does not have a right to particular remedial demands. School administrators' disciplinary decisions should be given deference.**
>
> **A showing of simple or even heightened negligence will not suffice under the deliberate indifference standard.**
>
> **Davis v. Monroe County Public Schools, 526 U.S. 629, 652; 119 S. Ct. 1661,1674; 143 L. Ed. 2d 839, 857 (1999); Gebser v Lago Vista Indep School Dist, 524 U.S. 274, 290, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998); Bd of County Comm'rs of Bryan County, Okla v Brown, 520 U.S. 397, 407, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997);Vance vs. Spencer County Public School District, 231 F.3d 253, 260 (6th Cir. 2000); Doe v. Clairborne County, Tenn., 103 F.3d 495, 508 (6th Cir. 1996).**

        s/TIMOTHY J. MULLINS
        GIARMARCO, MULLINS & HORTON, PC
        Attorney for Defendant
        101 W. Big Beaver Rd, 10th Floor
        Troy, MI   48084-5280
        (248) 457-7000
        tmullins@gmhlaw.com
        P28021

DATED:  March 1, 2010

**CERTIFICATE OF ELECTRONIC SERVICE**

      TIMOTHY J. MULLINS states that on the 1st day of March, 2010, he did serve a copy of **DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADDITIONAL JURY INSTRUCTIONS** via the United States District Court electronic transmission on the aforementioned date.

                                            s/TIMOTHY J. MULLINS
                                            GIARMARCO, MULLINS & HORTON, PC
                                            Attorney for Defendant
                                            101 W. Big Beaver Road, 10th Floor
                                            Troy, MI 48084-5280
                                            (248) 457-7020
                                            tmullins@gmhlaw.com
                                            P28021