# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

DANE PATTERSON,

      **Plaintiff,**                                  Case No. 05-74439

vs.                                                      Hon. Lawrence P. Zatkoff

**HUDSON AREA SCHOOLS**

      **Defendant.**

| | |
|---|---|
| **TERRY E. HEISS, P.C. (P36687)** | **TIMOTHY J. MULLINS (P28021)** |
| **Attorney for Plaintiff** | **Giamarco, Mullins & Horton PC** |
| **6440 East Fulton, Suite 201** | **Attorneys for Defendant** |
| **Ada, Michigan 49301** | **101 West Big Beaver Rd., 10th Fl.** |
| **616.676.3850** | **Troy, MI 48084** |
| | **248.457.7000** |
| **RICHARD H. WINSLOW (P27449)** | |
| **Co-Counsel for Plaintiff** | |
| **430 Walden Drive** | |
| **Otsego, Michigan 49078** | |
| **269.692.2285** | |

## PLAINTIFF'S OBJECTION TO THE COURT'S PROPOSED JURY INSTRUCTIONS AND SECOND REQUEST FOR JURY INSTRUCTIONS

SUBMITTED BY:

TERRY E. HEISS, P.C.
Attorney for Plaintiff

      By:    Terry E. Heiss (P36687)
               6440 East Fulton Street, Suite 201
               Ada, Michigan 49301
               616.676.3850

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

**DANE PATTERSON,**

      **Plaintiff,**                          **Case No. 05-74439**

**vs.**                                             **Hon. Lawrence P. Zatkoff**

**HUDSON AREA SCHOOLS**

      **Defendant.**

## PLAINTIFF'S OBJECTION TO THE COURT'S PROPOSED JURY INSTRUCTIONS AND SECOND REQUEST FOR JURY INSTRUCTIONS

NOW COMES the Plaintiff, Dane Patterson, by and through his attorney Terry E. Heiss, and hereby objects to a number of the Court's proposed jury instructions and further requests that this Honorable Court instruct the jury consistent with the proposed instructions as set forth herein.  In support hereof, Plaintiffs state

11.    <u>Plaintiff objects to the instruction as set forth on Page 11</u> of the Court's proposed jury instructions.  Plaintiff has requested in discovery and at trial documents that were testified to by Mrs. Mansfield and Mr. Osborne as set forth Plaintiff's Request For Additional Jury Instructions recently filed with the Court.  The instruction on Page 11 is misleading to the extent that a party that has exclusive control of records which are or may be relevant to the issues and said party fails or refuses to produce those records, or is responsible for the loss or destruction of those records, creates a legal inference that the records not produced would not support that party's claims or defenses and those records may have been

2

damaging to that party's claim or defense.  As explained in the Plaintiff's Request for

Additional Jury Instructions, Section 3, testimony has been offered by employees and

administrators of Hudson Area Schools that it has or has had records of contacts and

responses to the Patterson's contacts over Dane's relationships and/or investigations into

complaints of sexual harassment.  Mrs. Mansfield testified that she had records in her

possession in regards to contacts she has with the Plaintiff involving some of the 9th grade

incidents, including the note card from the Sabin E. incident.  Essentially Mrs. Mansfield

had a counselor's file that was not produced during the discovery phase of this case.  She

testified that with the exception of some records turned over to Mr. Osborne, like the note

card, she destroyed her notes of interactions with Dane Patterson, David Patterson and

Dena Patterson, at a time after the discovery was closed and after the district had "won",

which could only be interpreted to mean after this Court's initial summary judgment

ruling in late 2007.  The Patterson's timely appealed that decision and there was therefore

no reason for Mrs. Mansfield to have destroyed those notes.  Additionally, there was no

reason for Mrs. Mansfield to have not turned those notes over in discovery.  Mr. Durbin

testified that he had some investigative notes that he turned over to Mr. Osborne

regarding incidents of harassment of Dane Patterson.  Neither Mr. Durbin's nor Mrs.

Mansfield's notes were turned over to the Plaintiff, either during discovery or in response

to a very detailed request filed by the Pattersons in December, 2006, in accordance with

their rights under FERPA.  Mr. Osborne testified that he had a file which he failed to

produce in response to a subpoena for this trial.  That file was produced on Friday,

February 26, 2010, which contained none of the records of the type described by Mrs.

Mansfield and Mr. Durbin.

On November 29, 2006, Plaintiff served his First Set of Interrogatories to Defendants. Responses were served by the Defendant on February 6, 2007.  Interrogatory 15 stated: "Identify all types of official and unofficial records kept by the district and/or any of its agents regarding students, including official files and unofficial files, the names or types of files, and the custodian of said files.  For each such file as to Dane Patterson, specify and state which files exist and who has custody of those files." The Defendant's response was stated as follows: "ANSWER: CA-60 and discipline records.  Dane Patterson's complete file has already been provided to Plaintiffs."  At the same time, the Defendant responded to Item 24 of the Plaintiff's First Request For Production of Documents, which requested the Defendant to produce "All records, including official records and unofficial records kept in any office or by any person employed by the district related to Dane Patrick Patterson."  The answer to that inquiry was, again, "to the extent those records do not contain privileged information regarding any other students, those records are already in Plaintiffs' possession."  Mr. Patterson testified on February 25, 2010, that he and his wife had made a request in December of 2006 for all of Dane's records including counseling and what would have been notes of the reported incidents of harassment, the note card and the like which were not turned over to him.

Plaintiff requests that the spoliation instruction set forth in the following be included in Page 11 of the Court's Proposed Instructions:

Proposed Additional Instruction: **It has been testified to by employees and administrators of Hudson Area Schools that it has or has had records**

4

**concerning contacts by Dane Patterson, Dena Patterson and/or Dave**

**Pattersons regarding reports of possible sexual harassment and**

**investigations of those complaints.   Hudson has failed to provide these**

**records.  You may infer that Hudson's failure to produce these records is**

**because these records would not have supported its claims and defenses and**

**may have undercut it.**

21.   Plaintiff objects to the instruction as set forth on Page 21 of the Court's proposed jury

instructions.  Plaintiff submits that the section commencing with "First" is incomplete

and should read:

**Plaintiff was subjected to harassment because of his sex or gender, *including***

***failure to conform to a gender stereotype....***

Plaintiff supports this request with the following: ***Patterson v. Hudson Area Schools***,

551 F.3d 438 (C.A. 6, 2009), which cites to ***Theno v. Tognanoxie United School District***

***No. 464*** (D., Kansas, 2005); See also ***Schroeder v. Maumee Board of Education***, 296

F.Supp 869, 879 (N.D., Ohio, 2003); See also ***Montgomery v. Independent School***

***District N0. 709***, 109 F.Supp2d 1081, (D., Minnesota, 2000).

22.   Plaintiff objects to the instruction as set forth on Page 22 of the Court's proposed jury

instructions.  Plaintiff submits that the following sections are incomplete and should read:

**With respect to the first element of Plaintiff's claim, he has the burden**

**of proving by a preponderance of the evidence that the offending *students***

**were motivated by Dane's sex or gender, *including failure to conform to a***

***gender stereotype.***

5

**Plaintiff must prove that the offending student(s) intentionally harassed Plaintiff on the basis of his sex or gender, *including failure to conform to a gender stereotype*, which simply means that his sex or gender must have been a motivating factor of the offending *students'* actions or decisions even *if* other factors may also have motivated them.**

**The term motivating factor means a "substantial factor" or a "significant factor."**

**Harassment is not discrimination merely because the words or gesture used have a sexual content or connotation, or are based upon gender, sexual orientation or perceived sexual orientation. The harassment must be more than slightly colored with offensive sexual connotations and must actually constitute harassment based upon gender, sexual orientation, or perceived sexual orientation, *including failure to conform to a gender stereotype*.**

Plaintiff submits this revised instruction is supported by the cases set forth in the previous section.

23. <u>Plaintiff objects to the instruction as set forth on Page 23</u> of the Court's proposed jury instructions. The definitions proposed by the Court unnecessarily complicate the elements to be proven in this case. If the Court prefers to expand the definitions of "harassment", "severe", and "pervasive", Plaintiff requests the Court incorporate a definition found in *Meriam-Webster* dictionary. Plaintiff submits the instructions should, if expanded by the Court, read as follows:

**With respect to the second element of Plaintiff's Title IX claim, the**

6

following definitions may be considered, in addition to the ordinary meaning
of the terms:

The term "harassment, as used in these instructions, means: words,
innuendo, gestures, sexually explicit materials, or sexually derogatory
language or actions that annoy persistently, or creates an unpleasant or
hostile situation for especially uninvited and unwelcome verbal or physical
conduct.

The term "severe," as used in these instructions, means: of great
degree.

The term "pervasive," as used in these instructions, means:
widespread or throughout.

Schools are unlike..........

Plaintiff submits that the terms are not defined in case law in the manner adopted by the

Court.  It is clear that the appellate courts of the United States, including the Supreme

Court, often look to *Merriam-Webster* for definitional support, when terms are not

defined by statute or case law.

24.   Plaintiff submits that in regards to the second element the following should be inserted at

this page 24:

Proposed Instruction: **In assessing this factor, you may look at the school environment
to see if a hostile or abusive environment exists.  A hostile or abusive environment
exists if the evidence establishes that the school environment was permeated with
discriminatory intimidation, ridicule and insult that was sufficiently severe or**

pervasive that it effectively deprived Dane Patterson of equal access to the

educational opportunities or benefits provided by the school district.

     In determining whether an environment is "hostile" or "abusive," you

should look at all the circumstances including:

        \*       The total physical environment;

        \*       The degree and type of obscenity that filled the environment before

              and after the Dane Patterson arrived;

        \*       The frequency of the offensive conduct;

        \*       The nature of the unwelcome sexual acts or words

        \*       The severity of the conduct;

        \*       Whether the conduct was physically threatening or humiliating;

        \*       Whether it was merely an offensive utterance; and

        \*       Whether it unreasonably interfered with Dane Patterson's equal

              access to the educational opportunities or benefits provided by

              Defendant Hudson Area Schools;

     The effect on the plaintiff's mental and emotional well being is also relevant

to determining whether Dane Patterson actually found the environment to be hostile

or abusive; but while psychological harm, like any other relevant factor, may be

taken into account, no single factor is required.

     Conduct that only amounts to ordinary socializing such as occasional

horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender

related jokes, and occasional teasing, does not constitute an abusive or hostile

8

environment. Only conduct that effectively deprives a student of the educational benefits or opportunities provided by the Defendant can violate Title IX.

In determining whether conduct was hostile, you should consider the following:

* Whether the conduct was verbal, physical, or both;

* Whether the conduct occurred one time or repeatedly,

* Whether the conduct was plainly offensive;

* Whether the alleged harasser(s) was a student or a teacher;

* Whether others joined in the harassment;

* Whether the alleged harassment was directed at one or more person(s)

* The ages of the alleged harasser(s) and the Dane Patterson; and

* The number of individuals involved.

In determining whether a hostile school environment existed, you must consider the evidence from the perspective of a reasonable student of similar age. This is an objective standard and requires you to look at the evidence from the perspective of a reasonable the reaction of a student of similar age to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Instead, you must consider the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable student of similar age.

9

This proposed instruction is supported by See Davis v. Monroe County Board of Educ., 526 U.S. 629, 651, 119 S.Ct. 1661, 1675, 143 L.Ed.2d 839 (1999). See also Faragher v. City of Boca Raton, 524 U.S. 775, 786-87, 118 S.Ct. 2275, 2282-83, 141 L.Ed.2d 662 (1998) (Title VII), citing Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-23, 114 S.Ct. 367, 370-71, 126 L.Ed.2d 295 (1993) (Title VII). Hostile environment sexual harassment in an employment context has been held to consist of discriminatory conduct, such as unfulfilled threats, verbal abuse, and unwelcome physical advances, that fall short of an adverse employment action with tangible results, but which, nonetheless, has the purpose or effect of unreasonably interfering with an employee's work performance or creating an intimidating, hostile, or offensive working environment. Harris v. Forklift Systems, Inc., 510 U.S. 17, 23, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993); Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986). Examples of harassing conduct include verbal abuse of a sexual nature; graphic verbal commentaries about an individual's body, sexual prowess, or sexual deficiencies; sexually degrading or vulgar words to describe an individual; pinching, groping, and fondling; suggestive, insulting, or obscene comments or gestures; the display in the workplace of sexually suggestive objects, pictures, posters or cartoons; asking questions about sexual conduct; and unwelcome sexual advances. See Harris v. Forklift Systems, Inc., 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (discriminatory intimidation, ridicule and insult); Meritor Savings Bank FSB v. Vinson, 477 U.S. 57, 60-61, 106 S.Ct. 2399, 2402, 91 L.Ed.2d 49 (1986) (repeated demands for sexual favors, fondling, following plaintiff into women's restroom, and supervisor's exposing himself).

10

26.    <u>Plaintiff objects to the instruction as set forth on Page 26</u> of the Court's proposed jury

instructions.  Plaintiff submits that attempting to define something by what it is not fails

to adequately conveys what it is and is inefficient and ineffective.  Plaintiff submits that

the instruction should be presented to the jury as follows:

**With regard to the fourth element of Plaintiff's Title IX claim,"deliberate**

**indifference" means: clearly unreasonable in light of all the known circumstances.**

**In order for an act to have been deliberately indifferent, Defendant must**

**have been aware that its act or inaction was substantially certain to cause harm in**

**light of all of the known circumstances.**

**If the Defendant was aware that its success with its methods of stoppling**

**isolated sexual harassment by individuals did not prevent overall and continuing**

**harassment of Plaintiff, continuing that method of response becomes "clearly**

**unreasonable" at some point.**

**Whether the school district's methods stopped overall and continuing**

**harassment is for you to decide.  Likewise:**

**Whether the school district was aware that its methods failed to stop overall**

**and continuing harassment is for you to decide. And;**

**Whether the point was reached where it became "clearly unreasonable" to**

**continue methods which had not stopped overall and continuing harassment is for**

**you to decide.**

This instruction is supported by ***Patterson v. Hudson Area Schools***, 551 F.3d 438, 449-

450 (C.A. 6, 2009) .

11

30.   <u>Plaintiff objects to the instruction as set forth on Page 30</u> of the Court's proposed jury instructions.  Plaintiff submits that the language proposed should be expanded to read as follows:

Proposed instruction:  **If you find Defendant deprived Plaintiff of access to the educational benefits or opportunities provided by Defendant based on his sex *or failing to meet expectations of his gender based upon stereotypical gender expectations*, then you must determine an amount that is fair compensation for Plaintiff's damages.  You may award compensatory damages only for injuries that Plaintiff proves were cause by Defendant's allegedly wrongful conduct.**

**.....**

**You may award damages for any educational benefits or opportunities that you determine Plaintiff has been deprived or, and you may award damages for any pain, suffering, *emotional distress*, or mental anguish......**

Dated: March 2, 2010

/s/ Terry E. Heiss
Terry E. Heiss (P36687)
Attorney for Plaintiff
6440 E. Fulton Street, Suite 201
Ada, MI 49301
616.676.3850
theiss@adalegalgroup.com

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

DANE PATTERSON,

      **Plaintiff,**                         **Case No. 05-74439**

**vs.**                                      **Hon. Lawrence P. Zatkoff**

**HUDSON AREA SCHOOLS**

      **Defendant.**

## CERTIFICATE OF ELECTRONIC SERVICE

I do hereby certify that on March 2, 2010, I served a copy of **PLAINTIFF'S OBJECTION TO THE COURT'S PROPOSED JURY INSTRUCTIONS AND SECOND REQUEST FOR JURY INSTRUCTIONS** and Certificate of Service upon the following via e-filing:

**Timothy J. Mullins**
**Giamarco, Mullins & Horton, P.C.**
**101 West Big Beaver Road, 10th floor**
**Troy, Michigan 48084**
**Attorney for Defendant**

Dated: March 2, 2010                 /s/ Terry E. Heiss
                                   Terry E. Heiss (P36687)
                                   Attorney for Plaintiff
                                   6440 E. Fulton Street, Suite 201
                                   Ada, MI 49301
                                   616.676.3850
                                   theiss@adalegalgroup.com